22117

The STATE, Respondent, v. LeGrant MULLER, Appellant.
(316 S. E. (2d) 409)

Supreme Court

*Sam R. Haskell* and *Harry B. Burchstead, Jr.*, Sumter, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen., Harold M. Coombs, Jr.*, and *State Attys., Agnes Dale Moore*, and *Susan A. Lake*, Columbia; and *Sol. Wade S. Kolb, Jr.*, Sumter, *for respondent.*

May 25, 1984.

Per Curiam:

Appellant was convicted of assault and battery of a high and aggravated nature and of carrying a concealed weapon and was sentenced to concurrent terms of eight (8) years and one (1) year, respectively. He contends the trial judge erroneously refused to charge the law of self-defense. We agree.

On December 25, 1982, appellant and Rowland Tomlin were involved in a shooting incident at the apartment of appellant's ex-wife. At trial, appellant testified he shot Tomlin after Tomlin took out a gun and began shooting at him.

The trial judge's refusal to charge the law applicable to self-defense was error because appellant's testimony constituted sufficient evidence from which the jury could infer that appellant acted in self-defense. *State v. Adkinson*, 311 S. E. (2d) 79 (1984); *State v. Jackson*, 227 S. C. 271, 87 S. E. (2d) 681 (1955).

Appellant's other exceptions are without merit and are

dismissed under Rule 23 of the Rules of Practice of this Court.

Accordingly, appellant's conviction on the charge of assault and battery of a high and aggravated nature is reversed and remanded for a new trial; the conviction for carrying a concealed weapon is affirmed.