22797

The STATE, Respondent v. Larry Randy LEE, Appellant.

(362 S. E. (2d) 24)

Supreme Court

*Harold R. Lowery*, of *Lowery, Hood & Thompson*, Anderson, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Carolyn M. Adams*, Columbia, and *Sol. George M. Ducworth*, Anderson, *for respondent.*

Heard Sept. 22, 1987.

Decided Nov. 9, 1987.

GREGORY, Justice:

Appellant was convicted of voluntary manslaughter and sentenced to twenty-four years imprisonment. We affirm.

The victim in this case died after a shooting incident at appellant's home. Appellant contends that, in addition to the self-defense charge given by the trial judge, he was entitled to a charge of defense of habitation. We disagree.

Appellant testified as follows. The victim, Mike Norton, came to appellant's home where several people were drinking and socializing. As the night wore on, appellant and Norton began to argue over who had won a twenty dollar bet. Norton, a big man, became loud and aggressive. After trying to appease Norton without success, appellant finally asked him to leave the premises. Norton became more agitated and began walking toward his truck parked in appellant's yard. Appellant heard him say, "I've got a gun." Appellant knew from a previous occasion that Norton kept a gun under the front seat of his truck.

Appellant went into his residence to retrieve a gun and returned with it to the doorway. He saw Norton sitting in the driver's seat of his truck with the door closed and the window rolled down. Two other guests were sitting in the front seat with Norton. Appellant specifically testified at this point:

> "I thought I'd fire some warning shots because I didn't, you know, want to shoot the truck because Janet and Joe was [sic] sitting in there ... so I took one hand and put it against the door frame and aimed in front of that tree ... down at the ground in front of it, and I went bam, bam, bam."

One of the bullets struck Norton in the head.

Defense of habitation is analogous to self-defense. ■■ One defending himself from imminent attack on his own premises is entitled to a charge of defense of habitation. *State v. Griggs*, 218 S. C. 86, 61 S. E. (2d) 653 (1950); *see also State v. Sparks*, 179 S. C. 135, 183 S. E. 719 (1936) (defendant without fault if ejecting trespasser); *State v. Brooks*, 252 S. C. 504, 167 S. E. (2d) 307 (1969) (no duty to retreat). As with self-defense, however, the defendant's subjective belief of imminent danger must be reasonable. *See State v. Davis*, 282 S. C. 45, 317 S. E. (2d) 452 (1984).

We find that even if appellant believed himself in imminent danger, this belief was not reasonable under the circumstances. The only basis for such a belief was appellant's asserted knowledge that Norton kept a gun in his truck. There is no evidence Norton actually had a gun, nor does appellant claim he saw one at the time of the shooting. Moreover, by appellant's own account, Norton was sitting in the truck with two innocent passengers and the truck door was closed. The only reasonable conclusion to be drawn is that Norton was preparing to leave the premises when he was shot. The trial judge did not err in refusing to charge defense of habitation.[1]

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *See State v. Barwick,* 280 S. C. 45, 310 S. E. (2d) 428 (1983) (no error where charge given covers substance of request). Accordingly, the judgment of the circuit court is

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] Under the same analysis, appellant was not even entitled to the charge of self-defense which was given in this case.