## 23504

Archie Joseph FRASIER, Petitioner v. STATE of South Carolina, Respondent.

(410 S.E. (2d) 572)

Supreme Court

*Asst. Appellate Defender M. Anne Pearce, South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Donald J. Zelenka, Staff Atty. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted Sept. 25, 1991.

Decided Oct. 28, 1991.

HARWELL, Justice:

Petitioner Archie Joseph Frasier was convicted of conspiracy, kidnapping, and criminal sexual conduct in the first degree. We granted his petition for writ of certiorari to review the denial of his application for postconviction relief (PCR). The question is whether the PCR judge erred in finding petitioner was not denied effective assistance of counsel. Petitioner contends that trial counsel's performance was deficient in that trial counsel failed to procure an expert witness to challenge the state's deoxyribonucleic acid (DNA) evidence. Petitioner also asserts that trial counsel's performance was deficient in that trial counsel failed to perfect petitioner's direct appeal. We agree with petitioner's latter claim and reverse and remand for a new trial.

## I. FACTS
We have discussed previously the facts of this case in the

appeal of petitioner's co-defendant, Stacy Ford.[1] Briefly, petitioner was driving the victim home from a nightclub when a masked gunman arose from the back of petitioner's automobile. The gunman instructed petitioner to drive to a secluded spot where both petitioner and the gunman had intercourse with the victim. Petitioner thereafter drove the gunman to a short distance from the nightclub and dropped him off.

At trial, petitioner testified he was forced at gunpoint to have intercourse with the victim. Other witnesses testified that they had overheard petitioner and his co-defendant planning the crime and petitioner bragging that the plan had worked.

Although the victim could not identify the masked assailant, co-defendant Ford was linked to the crime by DNA and secretion analyses of samples of body fluids and blood, as well as circumstantial evidence introduced at trial. DNA and secretion analysis did not implicate petitioner.

At the PCR hearing, trial counsel was cross-examined regarding his reasons for not procuring an expert witness. He also was questioned regarding the steps he took to protect petitioner's right to a direct appeal. The PCR judge held that the matters raised were refuted by the record, did not demonstrate a deficiency on the part of trial counsel, or did not prejudice petitioner.

## II. DISCUSSION

To prove ineffective assistance of counsel, a criminal defendant initially must show that his attorney's performance was deficient. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. (2d) 674 (1984). The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688, 104 S. Ct. at 2064. A criminal defendant also must show that he was prejudiced because but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068.

Petitioner first argues that trial counsel was deficient in failing to procure an expert witness to challenge the DNA evidence presented at trial. We disagree. The record reveals that trial counsel vigorously cross-examined

---

[1] *See State v. Ford,* 301 S.C. 485, 392 S.E. (2d) 781 (1990).

the state's DNA experts and attacked the accuracy of the evidence. We cannot say that his performance was unreasonable under prevailing professional norms. This Court will affirm the PCR judge's findings on appeal if there is any evidence of probative value to uphold the PCR judge's findings. *Webb v. State*, 281 S.C. 237, 314 S.E. (2d) 839 (1984). We therefore hold that trial counsel's performance was not deficient and affirm the PCR judge's findings regarding the issue of trial counsel's failure to procure a DNA expert.

Petitioner next asserts that counsel's performance was ineffective because counsel failed to perfect an appeal. We agree.

After petitioner was found guilty, he informed trial counsel that he desired to appeal. Trial counsel timely filed a notice of intent to appeal. Trial counsel informed petitioner that counsel required funds to purchase the trial transcript before the appeal could be perfected. When petitioner replied that he could not afford the cost of obtaining a transcript, trial counsel advised petitioner to try to qualify for indigent status and, hence, state-provided appellate counsel. Trial counsel took no further steps to perfect the appeal.

All defendants who have been found guilty of a crime have a right to be informed of the possibility of appeal and the method for taking an appeal. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989); *White v. State*, 263 S.C. 110, 208 S.E. (2d) 35 (1974). Further, here it appears that petitioner retained his trial counsel, rather than having counsel appointed to him. Retained counsel possess the express duty to assist their clients to properly perfect their appeals. Rule 51(E)(4). Sup. Ct. Rules; Rule 602(E)(4), SCACR. We hold that counsel was ineffective in failing to perfect petitioner's appeal, and that petitioner was prejudiced thereby because but for counsel's deficient performance, petitioner would have taken a direct appeal.

When, pursuant to a review of a PCR application, we determine that a petitioner has been denied his right to a direct appeal, we can address the direct appeal issues. *White v. State, supra;* Rule 227, SCACR. Accordingly, we will review trial errors alleged by petitioner.

Petitioner alleges that the trial court erred in denying petitioner's request for a jury charge on the defense of duress or coercion. We agree.

To excuse a criminal act, coercion must be present, imminent, and of such a nature as to induce a reasonable apprehension of death or serious bodily harm if the act is not done. There must be no reasonable way, other than committing the crime, to escape the threat of harm. *State v. Robinson*, 294 S.C. 120, 363 S.E. (2d) 104 (1987).

Petitioner testified that the gunman hit him on the side of his head with the weapon. He testified the gunman pointed the weapon at either petitioner or the victim during the entire ordeal. The law to be charged is determined from the evidence presented at trial. *State v. Todd*, 290 S.C. 212, 349 S.E. (2d) 339 (1986). A trial court commits reversible error when it fails to give a requested charge on an issue raised by the evidence. *State v. Lee*, 298 S.C. 362, 380 S.E. (2d) 834 (1989). We find that petitioner was entitled to a jury charge regarding the defense of coercion, and hold that the trial judge committed reversible error by refusing to instruct the jury regarding the defense of coercion.

Therefore, we affirm the PCR judge's ruling that trial counsel's performance was not deficient because trial counsel failed to procure a DNA expert witness. We reverse the PCR judge's determination that trial counsel's performance was not deficient because trial counsel failed to perfect petitioner's appeal. On this issue, we hold that trial counsel's assistance was ineffective, and that petitioner was prejudiced, because but for counsel's deficient performance, petitioner would have taken a direct appeal. Further, we hold that petitioner was entitled to a jury charge on the defense of coercion. We therefore reverse this portion of the PCR judge's order and remand for a new trial.

Affirmed in part, reversed in part, and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.