23889

The STATE, Respondent v. Veronica Michelle HILL, Appellant.
(433 S.E. (2d) 848)

Supreme Court

*Assistant Appellate Defender Wanda H. Haile,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard Apr. 19, 1993.

Decided July 6, 1993.

TOAL, Justice:

This is a direct appeal of a jury conviction for voluntary manslaughter. We REVERSE the trial court and REMAND for a new trial.

## FACTS

In the early morning hours of May 14, 1990, an altercation occurred in the parking lot adjacent to a nightclub in Laurens, South Carolina. Veronica Hill, the appellant, was standing in the parking lot when one of the participants in the fight handed her a handgun. As the fight escalated, Hill fired a shot into the air. The victim, a spectator to the fight, jumped Hill from behind and began wrestling for the weapon. The scuffle ended when Hill and the victim turned face to face and the gun fired. The victim died almost instantly as a result of the single gunshot wound to her chest.

Hill was indicted by the Laurens County Grand Jury for murder. At a jury trial conducted in November 1991, Hill was found guilty of voluntary manslaughter for which she received a fifteen (15) year sentence. It is from this conviction that Hill appeals.

## LAW/ANALYSIS

The sole issue raised on appeal is whether the trial judge erred in denying appellant's request for a jury instruction on the law of self-defense.[1] If there is evidence of self-defense, the issue should be submitted to the jury upon request. *State v. Lee*, 293 S.C. 536, 362 S.E. (2d) 24

---

[1] There are scores of cases which involve similar struggles over a weapon. In *Battle v. State*, 305 S.C. 460, 409 S.E. (2d) 400 (1991) (counsel ineffective in not requesting specific self-defense instruction on retreat), the victim, after wielding a gun, was killed in a fight over the weapon. Other cases on similar facts have discussed the lesser-included offenses. *See Casey v. State*, 305 S.C. 445, 409 S.E. (2d) 391 (1991) (evidence of a struggle is sufficient to warrant a charge of involuntary manslaughter); *State v. Penland*, 275 S.C. 537, 273 S.E. (2d) 765 (1981) (a struggle coupled with other evidence supported a trial judge's charge of voluntary manslaughter). Still, other cases have addressed issues such as involuntary confessions, *State v. Scott*, 209 S.C. 61, 38 S.E. (2d) 902 (1946) (shooting of a policeman after a struggle over a gun).

(1987); *State v. Muller*, 282 S.C. 10, 316 S.E. (2d) 409 (1984). The law to be charged to the jury is determined by the evidence presented at trial. *Frasier v. State*, 306 S.C. 158, 410 S.E. (2d) 572 (1991). Conversely, a trial court commits reversible error if it fails to give a requested charge on an issue raised by the evidence. *Id.; State v. Lee*, 298 S.C. 362, 380 S.E. (2d) 834 (1989).

In South Carolina, to establish self-defense, Hill must show four elements. These elements are: (1) she is without fault in bringing on the difficulty; (2) she believed that she was in imminent danger of losing her life or sustaining serious bodily injury; (3) she had no means of avoiding the danger; and (4) that a reasonably prudent individual of ordinary firmness and courage would have entertained the same belief about the danger. *State v. Davis*, 282 S.C. 45, 317 S.E. (2d) 452 (1984); *see State v. Fuller*, 297 S.C. 440, 377 S.E. (2d) 328 (1989).

The relevant question for the Court to answer is whether there is any evidence in the record which would support a self-defense charge. The record shows that Hill fired the gun into the air when several of her friends began fighting, and that the shot was fired to stop the fighting. It was this gunshot which prompted the victim to attempt taking the gun away from Hill. The victim, a larger person than Hill, came up behind Hill and grabbed her by "the throat." There was also evidence to support the proposition that after a violent struggle, the victim "lost her grip" on the gun and was shot.

This evidence shows that Hill may not have been responsible for bringing about the difficulty which resulted in the victim's death. Further, the record supports the conclusion that the struggle alone was some evidence that Hill was in fear or imminent danger of losing her life or sustaining serious bodily injury. The method of victim's attack from behind is evidence that Hill was attempting to retreat, and that Hill had no means of avoiding the danger. The size differential between Hill and the victim is evidence which would allow a reasonably prudent individual of ordinary firmness and courage to entertain the same belief about the danger.

In reviewing the record, it appears that there was amply evidence to support a self-defense charge to the jury. There-

fore, the trial judge erred in not granting Hill's request to charge self-defense to the jury.

Accordingly, for the reasons stated, the trial court is RE-VERSED and the case is REMANDED for a new trial.

HARWELL, C.J., FINNEY, J., and Acting Associate Justice JASPER M. CURETON, concur.

CHANDLER, J., dissenting in separate opinion.

CHANDLER, Justice (dissenting):

The majority asserts the record contains evidence that the defendant was in fear of imminent danger which she had no reasonable means of avoiding. To the contrary, the only details of the crime were presented through the testimony and statements of Rhonda Wideman, a former roommate of Hill. In her first statement Wideman explained *why* Victim attempted to disarm Hill, to wit: that, after Hill fired a shot in the air, Victim "went over there and said, 'I don't want no one to get killed,' she tried to get the gun, they wrestled for the gun." It is clear that Victim's motive in wrestling for the gun was *not* to injure Hill, but to prevent injuries to third parties.

This being the only evidence regarding *Victim's* state of mind, the record is devoid of any inference that Hill reasonably believed she was in imminent danger, or that she had no means of avoiding the danger. Accordingly, I would affirm.