**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 16 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARCOS LUCERO,

      Plaintiff-Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Defendants-Appellees.

No. 03-2289
(D.C. No. CIV-02-799 MCA/KBM)
(D. N.M.)

---

ORDER AND JUDGMENT   *

---

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).   The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Marcos Lucero appeals from the denial of his petition for a writ of habeas corpus. We affirm.

In 1996, Lucero was convicted of first degree murder and related offenses. After the New Mexico Supreme Court affirmed his convictions and his collateral review application in state court was denied, Lucero filed a habeas corpus petition in federal district court. A magistrate judge recommended that the petition be denied, and the district court adopted this recommendation. Lucero then appealed. This court granted a certificate of appealability limited to "the issue of whether Lucero's trial counsel was ineffective for failing to present a defense of actual innocence." Lucero v. LeMaster, No. 03-2289 (10th Cir. June 3, 2004) (Order). The court subsequently expanded the certificate of appealability to include the question of whether "appellate counsel was ineffective for failing to challenge the allegedly inconsistent verdicts returned by the jury." Lucero v. LeMaster, No. 03-2289 (10th Cir. Dec. 17, 2004) (Order).

In order to demonstrate that his attorneys were ineffective, Lucero must make two showings:

> First, [he] must show that counsel's performance was deficient....
> Second, [he] must show that the deficient performance prejudiced the defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, because these claims were adjudicated on the merits in state court, Lucero is not entitled to

federal habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

Lucero first asserts that it was ineffective for his attorneys to rely on a strategy of self-defense rather than trying to refute the evidence that Lucero perpetrated the homicide underlying this prosecution. According to the evidence at trial, somebody–the evidence pointed to Lucero–fired a warning shot during an altercation and then fired the shot that killed the victim. Because the warning shot was the first shot fired, the trial court concluded that the shooter was the initial aggressor; the court therefore refused to instruct the jury about self-defense. The New Mexico Supreme Court affirmed this refusal. See State v. Lucero, 972 P.2d 1143, 1145-46 (N.M. 1998). Lucero contends that his lawyers should have anticipated that a self-defense claim would fail as a matter of law and should instead have tried to demonstrate that the offenses charged against Lucero were in fact committed by his friend.

The state habeas court rejected this claim on the grounds that the law relating to warning shots was not clear before the Lucero decision and that Lucero's preferred defense had no better prospects for success than the defense actually presented. These conclusions are well-supported. We have not found

any New Mexico decision prior to Lucero that discussed warning shots in the context of a self-defense claim. Moreover, appellate opinions from other jurisdictions are mixed, with some finding sufficient evidence to support a claim of self-defense even where the defendant fired a warning shot before any other shot was fired. See, e.g., State v. Hill, 433 S.E.2d 848, 849 (S.C. 1993). Finally, Lucero's proposal to take the stand and deny that he was the shooter would have required him to repudiate his own inculpatory statements to the police; the state habeas court could reasonably conclude that the jury was not likely to find such testimony credible.

Lucero's second assertion arises from the jury's finding that the single killing committed by Lucero constituted both deliberate murder and depraved mind murder. Lucero contends that these alternative theories underlying his first-degree murder conviction were logically irreconcilable and that his appellate counsel provided ineffective assistance by failing to challenge this defect in the verdict.

The State maintains that this claim is procedurally defaulted. We disagree. Lucero raised this ineffective assistance claim in state collateral review proceedings, and the state court denied relief without invoking any state procedural rule barring review. In the absence of a plain statement applying a

-4-

state procedural bar, we will not deem the claim defaulted.  See Klein v. Neal, 45 F.3d 1395, 1398-99 (10th Cir. 1995).

Although the claim is not defaulted, Lucero is not entitled to relief.  Lucero is correct that, under New Mexico law, a person who acts with a depraved mind necessarily lacks the intent required for deliberate murder.  See State v. Johnson, 707 P.2d 1174, 1178 (N.M. Ct. App. 1985).  At Lucero's trial, however, the jury was erroneously instructed that these two forms of first degree murder were not mutually exclusive and that the jury should therefore return a verdict as to both theories.  Lucero has not challenged either these instructions or defense counsel's failure to object to them.

Furthermore, the evidence presented at trial could reasonably be construed to establish either deliberate murder or depraved mind murder.  As recounted by the magistrate judge, the evidence at trial established that Lucero fired a shot across a crowded field in order to kill a specific victim; the shot, however, struck and killed a different person.  This evidence would support a conviction for deliberate murder on a transferred intent theory.  It could also support a conviction for depraved mind murder, because Lucero never intended to kill the person who was actually struck by his bullet but his conduct was "greatly dangerous to the lives of others, indicating a depraved mind regardless of human life," N.M. Stat. Ann. § 30-2-1(A)(3).  In light of this evidence, as well as the

-5-

instruction stating that deliberate murder and depraved mind murder are not mutually exclusive, the record does not support the inference that the jury misunderstood its charge and produced an incoherent verdict. Accordingly, Lucero would not be entitled to relief from this verdict under either federal law or New Mexico law. See Masoner v. Thurman, 996 F.2d 1003, 1005 (9th Cir. 1993); State v. Fernandez, 875 P.2d 1104, 1111 (N.M. Ct. App. 1994). It follows that Lucero's attorneys were not ineffective in failing to challenge the verdict on appeal.

For these reasons, we hold that the state court's conclusions were not unreasonable and that the district court properly denied habeas relief. The judgment of the district court is therefore AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge