**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tavish Dominique Yeargin, Appellant.

Appellate Case No. 2013-002508

———————————

Appeal From Pickens County
Robin B. Stilwell, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-043
Heard January 5, 2016 – Filed January 20, 2016

———————————

**AFFIRMED**

———————————

Jeffrey P. Dunlaevy, of Ogletree Deakins Nash Smoak & Stewart, PC, of Greenville, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Alphonso Simon, Jr., all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————————

**PER CURIAM:** Tavish Dominique Yeargin appeals his convictions for murder and grand larceny, arguing the trial court erred in (1) refusing to instruct the jury on defense of others, (2) refusing to instruct the jury on involuntary manslaughter, and (3) admitting in to evidence letters Appellant wrote to one of his codefendants concerning her testimony at trial because the letters did not contain unlawful threats and the codefendant never received them. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in refusing to instruct the jury on defense of others: *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004) ("[T]he trial court is required to charge only the current and correct law of South Carolina."); *State v. Hill*, 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993) ("The law to be charged to the jury is determined by the evidence presented at trial."); *State v. Williams*, 400 S.C. 308, 314, 733 S.E.2d 605, 608–09 (Ct. App. 2012) ("When reviewing the [trial] court's refusal to deliver a requested jury instruction, appellate courts must consider the evidence in a light most favorable to the defendant."); *State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) (holding appellate courts will not reverse a trial court's decision regarding a jury instruction absent an abuse of discretion); *State v. Starnes*, 340 S.C. 312, 323, 531 S.E.2d 907, 913 (2000) ("[I]n order for the trial court to give a defense of others charge, there must be some evidence adduced at trial that the defendant was indeed lawfully defending others." (alteration provided in *Starnes*) (quoting *Douglas v. State*, 332 S.C. 67, 73, 504 S.E.2d 307, 310 (1998))); *id.* at 322–23, 531 S.E.2d at 913 ("Under the theory of defense of others, one is not guilty of taking the life of an assailant who assaults a friend, relative, or bystander if that friend, relative, or bystander would likewise have the right to take the life of the assailant in self-defense."); *State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) (outlining the four requirements that must be satisfied in order for a defendant to be justified in using deadly force in self-defense); *State v. Bryant*, 336 S.C. 340, 345, 520 S.E.2d 319, 322 (1999) ("Any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the difficulty and bars his right to assert self-defense as a justification or excuse for a homicide.").

2. As to whether the trial court erred in refusing to instruct the jury on involuntary manslaughter: *State v. Sams*, 410 S.C. 303, 309, 764 S.E.2d 511, 514 (2014), *reh'g denied*, (Nov. 7, 2014) ("Involuntary manslaughter is defined as the unintentional killing of another without malice while engaged in either (1) the commission of some unlawful act not amounting to a felony and not naturally tending to cause

death or great bodily harm, or (2) the doing of a lawful act with a reckless disregard for the safety of others."); *State v. Burriss*, 334 S.C. 256, 265, 513 S.E.2d 104, 109 (1999) (finding that the pivotal issue when determining whether to charge the jury on involuntary manslaughter in the case was "whether [a]ppellant was engaged in a lawful activity at the time of the killing"); S.C. Code Ann. § 16-13-30 (2015) ("Larceny of goods, chattels, instruments, or other personalty valued in excess of two thousand dollars is grand larceny. Upon conviction, the person is guilty of a felony . . . ."); *State v. Mekler*, 379 S.C. 12, 15, 664 S.E.2d 477, 479 (2008) (holding that a trial court should refuse to charge the lesser-included offense of involuntary manslaughter where there is no evidence the defendant committed the lesser offense).

3. As to whether the trial court erred in admitting into evidence letters Appellant wrote to his codefendant concerning her testimony at trial: Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Lyles*, 379 S.C. 328, 337, 665 S.E.2d 201, 206 (Ct. App. 2008) ("Under Rule 401, evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy." (quoting *State v. Preslar*, 364 S.C. 466, 475, 613 S.E.2d 381, 386 (Ct. App 2005))); *id.* at 337, 665 S.E.2d at 206 (finding any evidence that assists the jury in arriving at the truth of an issue is relevant and admissible unless otherwise incompetent); *State v. Alexander*, 303 S.C. 377, 380, 401 S.E.2d 146, 148 (1991) ("The trial [court] is given broad discretion in ruling on questions concerning the relevancy of evidence, and [its] decision will be reversed only if there is a clear abuse of discretion."); *State v. Howard*, 384 S.C. 212, 220–21, 682 S.E.2d 42, 47 (Ct. App. 2009) ("An abuse of discretion occurs when the [trial court's] ruling is based on an error of law or a factual conclusion that is without evidentiary support."); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) (determining a showing of prejudice requires that there be a reasonable probability that the jury's verdict was influenced by the challenged evidence or lack thereof); *State v. Jenkins*, 412 S.C. 643, 651, 773 S.E.2d 906, 910 (2015) ("An error is harmless if it did not reasonably affect the result of the trial."); *id.* ("[A]ppellate courts must determine the materiality and prejudicial character of the error in relation to the entire case."); *State v. Black*, 400

S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**