**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Demetriss Alshawn Glenn, Appellant.

Appellate Case No. 2013-002444

—————————

Appeal From Lexington County
Thomas A. Russo, Circuit Court Judge

—————————

Unpublished Opinion No. 2016-UP-048
Heard October 13, 2015 – Filed January 27, 2016

—————————

**AFFIRMED**

—————————

Robert David Proffitt, of Proffitt & Cox, LLP, and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Kaycie Smith Timmons, Assistant Attorney General Caroline M. Scrantom, all of Columbia, and Solicitor Donald V. Myers, of Lexington, for Respondent.

**PER CURIAM:** Demetriss Alshawn Glenn appeals from his convictions for murder, burglary in the first degree, and armed robbery, arguing the trial court erred in refusing to instruct the jury on involuntary manslaughter and defense of others and the right to act on appearances when the evidence showed he did not intend to participate in a robbery planned by others, was suddenly awakened while sleeping or passed out drunk in a car during a robbery by others, and was called inside a house to defend a friend who was being attacked. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in refusing to instruct the jury on involuntary manslaughter: *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004) ("[T]he trial court is required to charge only the current and correct law of South Carolina); *id.* at 665, 594 S.E.2d at 472-73 ("A jury charge is correct if it contains the correct definition of the law when read as a whole."); *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) (stating that in reviewing a jury charge for error, this court must consider the trial court's jury charge as a whole in light of the evidence and issues presented at trial); *State v. Hill*, 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993) ("The law to be charged to the jury is determined by the evidence presented at trial."); *State v. Williams*, 400 S.C. 308, 314, 733 S.E.2d 605, 608-09 (Ct. App. 2012) ("When reviewing the circuit court's refusal to deliver a requested jury instruction, appellate courts must consider the evidence in a light most favorable to the defendant."); *Adkins*, 353 S.C at 319, 577 S.E.2d at 464 ("A jury charge which is substantially correct and covers the law does not require reversal."); *id.* at 318, 577 S.E.2d at 463-64  ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error."); *State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("This Court will not reverse a trial court's decision regarding a jury instruction absent an abuse of discretion."); *Adkins*, 353 S.C. at 319, 577 S.E.2d at 464 ("To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Sams*, 410 S.C. 303, 309, 764 S.E.2d 511, 514 (2014), *reh'g denied* (Nov. 7, 2014) ("Involuntary manslaughter is defined as the unintentional killing of another without malice while engaged in either (1) the commission of some unlawful act not amounting to a felony and not naturally tending to cause death or great bodily harm, or (2) the doing of a lawful act with a reckless disregard for the safety of others."); *State v. Mekler*, 379 S.C. 12, 15, 664 S.E.2d 477, 479 (2008) ("A trial court should refuse to charge the lesser-included offense of involuntary

manslaughter only where there is no evidence the defendant committed the lesser offense.").

2.    As to whether the trial court erred in refusing to instruct the jury on defense of others and the right to act on appearances:  *State v. Starnes*, 340 S.C. 312, 322-23, 531 S.E.2d 907, 913 (2000) ("Under the theory of defense of others, one is not guilty of taking the life of an assailant who assaults a friend, relative, or bystander if that friend, relative, or bystander would likewise have the right to take the life of the assailant in self-defense."); *id.* ("[I]n order for the trial court to give a defense of others charge, there must be some evidence adduced at trial that the defendant was indeed lawfully defending others." (quoting *Douglas v. State*, 332 S.C. 67, 73, 504 S.E.2d 307, 310 (1998))); *State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) ("A person is justified in using deadly force in self-defense when: (1) [t]he defendant was without fault in bringing on the difficulty; (2) [t]he defendant . . . actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; (3) [i]f the defense is based upon the defendant's actual belief of imminent danger, a reasonable prudent man of ordinary firmness and courage would have entertained the same belief . . . ; and (4) [t]he defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance." (quoting *State v. Wiggins*, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998))); *id.* at 501, 716 S.E.2d at 102 ("A person has the right to act on appearances, even if the person's belief is ultimately mistaken."); *State v. Wigington*, 375 S.C. 25, 32, 649 S.E.2d 185, 188 (Ct. App. 2007) ("Any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the difficulty and bars his right to assert self-defense as a justification or excuse for a homicide." (quoting *State v. Bryant*, 336 S.C. 340, 345, 520 S.E.2d 319, 322 (1999))).

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**