**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Kevin Bethel, Jr., Appellant.

Appellate Case No. 2013-002478

———————————

Appeal From Richland County
Deadra L. Jefferson, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-473
Submitted October 1, 2016 – Filed November 9, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Alphonso Simon, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————————

**PER CURIAM:** James Kevin Bethel, Jr. appeals his convictions of murder and attempted murder, arguing the trial court erred by (1) refusing to instruct the jury on involuntary manslaughter and (2) admitting testimony that a witness observed Bethel and his associates making gang signs. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not err in refusing to instruct the jury on involuntary manslaughter. *See State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("[An appellate court] will not reverse a trial court's decision regarding a jury instruction absent an abuse of discretion."); *State v. Lemire*, 406 S.C. 558, 565, 753 S.E.2d 247, 251 (Ct. App. 2013) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Brown*, 362 S.C. 258, 261-62, 607 S.E.2d 93, 95 (Ct. App. 2004) ("The law to be charged to the jury is determined by the evidence presented at trial." (quoting *State v. Hill*, 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993))); *State v. Crosby*, 355 S.C. 47, 51, 584 S.E.2d 110, 112 (2003) ("A trial court should refuse to charge a lesser-included offense . . . where there is no evidence the defendant committed the lesser rather than the greater offense."); *State v. Brayboy*, 387 S.C. 174, 180, 691 S.E.2d 482, 485 (Ct. App. 2010) ("Involuntary manslaughter is (1) the unintentional killing of another without malice, but while engaged in an unlawful activity not naturally tending to cause death or great bodily harm or (2) the unintentional killing of another without malice, while engaged in a lawful activity with reckless disregard for the safety of others."); *State v. Burriss*, 334 S.C. 256, 262, 513 S.E.2d 104, 108 (1999) ("[A] person can be acting lawfully, even if he is in unlawful possession of a weapon, *if he was entitled to arm himself in self-defense at the time of the shooting*." (emphasis added)); *State v. Gibson*, 390 S.C. 347, 357, 701 S.E.2d 766, 771 (Ct. App. 2010) ("[F]or the purposes of involuntary manslaughter, the inquiries associated with whether or not to instruct on the defense of self-defense are not applicable.").

2. Any error by the trial court in admitting the testimony regarding gang signs was harmless. *See State v. Bryant*, 369 S.C. 511, 518, 633 S.E.2d 152, 156 (2006) ("[A]ppellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *State v. Thompson*, 352 S.C. 552, 562, 575 S.E.2d 77, 83 (Ct. App. 2003) ("Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed.");

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("Error is harmless beyond a reasonable doubt where it did not contribute to the verdict obtained."); *Bryant*, 369 S.C. at 518, 633 S.E.2d at 156 ("Thus, an insubstantial error not affecting the result of the trial is harmless where a defendant's guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**