**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Leandra Lamont Bright, Appellant.

Appellate Case No. 2019-001960

_____

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-224
Submitted March 1, 2022 – Filed May 18, 2022

_____

**AFFIRMED**

_____

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, and Senior
Assistant Deputy Attorney General Melody Jane Brown,
all of Columbia, for Respondent.

_____

**PER CURIAM:** Leandra Lamont Bright appeals his convictions for murder and possession of a weapon during the commission of a violent crime and aggregate

sentence of thirty years' imprisonment.  On appeal, Bright argues the trial court erred in failing to instruct the jury on voluntary manslaughter.

We hold the trial court did not err in refusing Bright's request to instruct the jury on voluntary manslaughter because the evidence presented at trial did not support the charge.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Perez*, 423 S.C. 491, 496, 816 S.E.2d 550, 553 (2018) ("In criminal cases, [an appellate c]ourt sits solely to review errors of law."); *State v. Hill*, 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993) ("The law to be charged to the jury is determined by the evidence presented at trial."); *id.* (stating a lesser-included offense instruction is only required when the evidence warrants such an instruction); *Cook v. State*, 415 S.C. 551, 556, 784 S.E.2d 665, 668 (2015) ("Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation." (quoting *State v. Walker*, 324 S.C. 257, 260, 478 S.E.2d 280, 281 (1996))); *Walker*, 324 S.C. at 260, 478 S.E.2d at 281 ("Both heat of passion and sufficient legal provocation must be present at the time of the killing."); *State v. Sams*, 410 S.C. 303, 309, 764 S.E.2d 511, 514 (2014) (explaining sudden heat of passion "need not dethrone reason entirely or shut out knowledge and volition" but indicating it "must be such as would naturally disturb the sway of reason and render the mind of an ordinary person incapable of cool reflection and produce what may be called an uncontrollable impulse to do violence"); *State v. Starnes*, 388 S.C. 590, 596-97, 698 S.E.2d 604, 608 (2010) (stating a "defendant is not entitled to a voluntary manslaughter charge merely because he was in a heat of passion" or "merely because he was legally provoked"; rather, "there must be evidence that the heat of passion was caused by sufficient legal provocation"); *id*. at 598, 698 S.E.2d at 609 ("[A] person's fear immediately following an attack or threatening act may cause the person to act in a sudden heat of passion."); *id.* ("However, the mere fact that a person is afraid is not sufficient, by itself, to entitle a defendant to a voluntary manslaughter charge."); *id.* ("[I]n order to constitute 'sudden heat of passion upon sufficient legal provocation,' the fear must be the result of sufficient legal provocation **and** cause the defendant to lose control and create an uncontrollable impulse to do violence."); *id.* at 599, 698 S.E.2d at 609 (stating "[a] person may act in a deliberate, controlled manner, notwithstanding the fact that he is afraid or in fear"; however, "a person can be acting under an uncontrollable impulse to do violence and be incapable of cool reflection as a result of fear"); *id.* ("The latter situation constitutes sudden heat of passion, but the former does not.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.