**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jermaine Demarcus Grier, Appellant.

Appellate Case No. 2021-000444

---

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-185
Submitted April 1, 2023 – Filed May 17, 2023

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody Jane Brown, Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

---

**PER CURIAM:** Jermaine Demarcus Grier appeals his convictions for murder, attempted murder, first-degree burglary, and possession of a weapon during the

commission of the violent crime, and his aggregate sentence of one hundred years' imprisonment.  On appeal, Grier argues the trial court erred in denying his request to charge the jury on the verdict of not guilty by reason of insanity.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not (1) err in denying Grier's request to charge the jury on the verdict of not guilty by reason of insanity because there was no evidence to support the charge, or (2) improperly weigh the evidence.  *See State v. Curry*, 410 S.C. 46, 52, 762 S.E.2d 721, 724 (Ct. App. 2014) (stating an appellate court "will not reverse a [trial] court's decision to deny a specific request to charge unless the [trial] court committed an error of law"); *State v. Hill*, 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993) ("The law to be charged to the jury is determined by the evidence presented at trial."); *State v. Dantonio*, 376 S.C. 594, 608, 658 S.E.2d 337, 345 (Ct. App. 2008) ("A trial court has a duty to give a requested instruction that is supported by the evidence and correctly states the law applicable to the issues."); *State v. Lewis*, 328 S.C. 273, 277, 494 S.E.2d 115, 117 (1997) ("In every criminal case, it is presumed the defendant is sane."); S.C. Code Ann. § 17-24-10(A) (2014) (providing an affirmative defense of not guilty by reason of insanity for a defendant, who "at the time of the . . . offense, . . . as a result of mental disease or defect, lacked the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong"); *Lewis*, 328 S.C. at 278, 494 S.E.2d at 117 ("[T]he key to insanity is 'the power of the defendant to distinguish right from wrong in the act itself-to recognize the act complained of is either morally or legally wrong.'" (alteration in original) (quoting *State v. Wilson*, 306 S.C. 498, 506, 413 S.E.2d 19, 23 (1992))); *id.* ("A defendant may rely on lay testimony to establish insanity."); *id.* ("A requested charge on insanity is properly refused where there is no evidence tending to show the defendant was insane at the time of the crime charged.").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.