**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mark Anthony Hailey, Jr., Appellant.

Appellate Case No. 2020-001276

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-250
Submitted June 1, 2025 – Filed July 23, 2025

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Joshua Abraham Edwards, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Mark Anthony Hailey, Jr., appeals his convictions for murder and possession of a weapon during the commission of a violent crime, and his aggregate sentence of thirty-five years' imprisonment. On appeal, Hailey argued the trial court erred by (1) failing to adequately consider the facts and circumstances of the case in fashioning a self-defense instruction to inform the jury that a person is not required to wait until his adversary is on equal terms or has aimed or fired a weapon before he acts, (2) declining to instruct the jury on the lesser-included offense of involuntary manslaughter, and (3) limiting Hailey's questioning of an expert witness on redirect examination. This court reversed his conviction by an unpublished opinion based on the trial court's failure to tailor the self-defense instruction to the facts presented. *State v. Hailey*, 2024-UP-074 (S.C. Ct. App. filed Mar. 13, 2024). The State filed a petition for writ of certiorari, which our supreme court granted. The supreme court reversed this court's decision and found the trial court had not erred in its instruction to the jury on self-defense. *State v. Hailey*, 2025-UP-032 (S.C. Sup. Ct. filed Apr. 16, 2025). The supreme court remanded the case to this court to decide Hailey's remaining issues on appeal. We now consider those two issues.[1] We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion by declining Hailey's request for an involuntary manslaughter instruction because the evidence only supported a finding that he intentionally shot the deceased. *See Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *State v. Hill*, 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993) ("The law to be charged to the jury is determined by the evidence presented at trial."); *State v. Morris*, 307 S.C. 480, 483, 415 S.E.2d 819, 821 (Ct. App. 1991) (holding the trial court properly denied an involuntary manslaughter charge where the evidence showed the defendant intentionally pulled his pistol and fired at the victim).

2. We hold the trial court did not abuse its discretion in limiting Hailey's reexamination of an expert witness because the proffered testimony was unrelated to the State's cross-examination of the expert witness. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Douglas*, 369 S.C. 424, 429-30, 632 S.E.2d 845, 848 (2006

---

[1] On remand now, we decide this case without oral argument pursuant to Rule 215, SCACR.

("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").

**AFFIRMED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**