22131

The STATE, Respondent, v. Garnett Jewel DAVIS, Appellant.

(317 S. E. (2d) 452)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling, of S. C.*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Carolyn M. Adams* and *Sol. James C. Anders*, Columbia, *for respondent.*

Submitted Feb. 22, 1984.

Decided June 18, 1984.

Per Curiam:

Appellant was convicted of assault and battery with intent to kill and was sentenced to twelve years' imprisonment. She excepts to the trial court's refusal to give her requested jury instruction on self-defense. We affirm.

The requested instruction did not state the correct law of self-defense in this jurisdiction. The trial judge's instructions, considered as a whole, did charge the jury accurately under *State v. Bolton*, 266 S. C. 444, 223 S. E. (2d) 863 (1976); therefore, we affirm appellant's conviction.

While we find no reversible error in the instructions

given, we suggest to the trial bench that the following instruction on self-defense be used in those cases where the facts indicate that a self-defense charge is appropriate.

Self-defense is a complete defense. If established, you must find the defendant not guilty. There are four elements required by law to establish self-defense in this case. First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life. Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance. If, however, the defendant was on his own premises he had no duty to retreat before acting in self-defense. These are the elements of self-defense.

If you have a reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense, then you must find him not guilty. On the other hand, if you have no reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense then you must find him guilty.

Appellant's conviction and sentence are affirmed.