THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Beulah R.
 Butler, Appellant.
 
 
 

Appeal From Lexington County
 R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No.  2011-UP-127
 Submitted March 1, 2011  Filed March 28,
2011

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek, of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor
 Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: Beulah
 R. Butler appeals her convictions of voluntary manslaughter and possession of a
 firearm or a knife during the commission of a violent crime.  On appeal, Butler
 contends the trial court erred in denying her motion for a directed verdict,
 arguing the trial court erred in the following: (1) "[failing to] apply
 the standard that the [S]tate had to disprove self-defense beyond a reasonable
 doubt at the directed verdict stage" and (2) "only [applying] the
 traditional 'any evidence' standard of voluntary manslaughter without regard to
 self-defense."  We disagree.
"There
 are four elements required by law to establish self-defense."  State v.
 Davis, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984).  The elements include:

 First,
 the defendant must be without fault in bringing on the difficulty. Second, the
 defendant must have actually believed he was in imminent danger of losing his
 life or sustaining serious bodily injury, or he actually was in such imminent
 danger.  Third, if his defense is based upon his belief of imminent danger, a
 reasonably prudent man of ordinary firmness and courage would have entertained
 the same belief. If the defendant actually was in imminent danger, the
 circumstances were such as would warrant a man of ordinary prudence, firmness
 and courage to strike the fatal blow in order to save himself from serious
 bodily harm or losing his own life. Fourth, the defendant had no other probable
 means of avoiding the danger of losing his own life or sustaining serious
 bodily injury than to act as he did in this particular instance. If, however,
 the defendant was on his own premises he had no duty to retreat before acting
 in self-defense. 

Id.
The
 State produced sufficient evidence showing Butler did not act in self-defense. 
 Specifically, the State produced evidence negating the second element of
 self-defense that "the defendant must have actually believed he was in
 imminent danger of losing his life or sustaining serious bodily injury, or he
 actually was in such imminent danger."  Id.  The evidence presented
 included Butler's own statements that she was not acting to defend herself from
 "imminent danger," but rather that the incident was merely an
 accident.  Butler made statements that the Victim "rolled over on the
 knife," "fell on the knife," and "jumped over the couch and
 landed on the knife."  Additionally, Butler admitted on cross-examination
 she did not act in self-defense, but rather the stabbing was an accident.  Thus,
 viewing the evidence in the light most favorable to the State, the evidence
 supported submitting the case to the jury. 
AFFIRMED.[1]
FEW, C.J., THOMAS and KONDUROS, JJ., concur.  

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.