**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Breanna B., a Juvenile under the Age of Seventeen, Appellant.

Appellate Case No. 2014-002373

---

Appeal From Richland County
Vicki J. Snelgrove, Family Court Judge

---

Unpublished Opinion No. 2017-UP-089
Submitted December 1, 2016 – Filed February 15, 2017

---

**AFFIRMED**

---

Joshua David Gupta-Kagan, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer; Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

---

**PER CURIAM:** Breanna B. appeals the family court's adjudication of delinquency for the offense of breach of the peace, arguing the family court erred in applying the *State v. Davis*[1] test for self-defense with deadly force, in particular

---

[1] 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984) ("There are four elements required by law to establish self-defense[.] First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he

the requirement that the defendant have no other means of avoiding the danger. We affirm.

Breanna was charged with breach of the peace following a public fight with a group of adolescent girls. Before the family court, Breanna argued she acted in self-defense, stating she only engaged with the group after one of the girls charged her from across the street. After considering Breanna's arguments, the family court stated:

> Looking at the elements of self[-]defense in State versus Davis, looking at the fourth one, the defendant had no other probable means of avoiding danger of losing life or sustaining serious bodily injury other than to act in the way that she did in the particular incident. Breanna said she stepped toward her. If I'm afraid–Normally, if I'm afraid, I'm not stepping toward the fear. I'm running away from the fear. . . . [Breanna's stepfather] said [Breanna] made her way into the street to defend herself. I certainly lay blame on both girls for being troublemakers, but you got law enforcement right there you can step behind. If there was [fifteen] people, I don't know why you'd step toward them. . . . I am going to find that [the] State has proven beyond a reasonable doubt that Breanna is guilty of breech [sic] of [the] peace.

We find there is sufficient evidence to support a finding of delinquency under a breach of the peace charge. *See in re Doe*, 318 S.C. 527, 534, 458 S.E.2d 556, 561 (Ct. App. 1995) ("A family court's adjudication of delinquency must be affirmed

---

was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life. Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance. If, however, the defendant was on his own premises he had no duty to retreat before acting in self-defense.")

unless unsupported by evidence."). The record contains evidence Breanna verbally engaged the group of girls prior to the start of the fight. We note violence is not necessarily required to sustain a verdict of breach of the peace. *See State v. Peer*, 320 S.C. 546, 552, 466 S.E.2d 375, 379 (Ct. App. 1996) ("Although it includes acts likely to produce violence in others, actual violence is not an element of breach of [the] peace."). Breanna's actions in verbally jousting with the group in public can be viewed as a breach of public tranquility warranting a verdict of breach of the peace. *See id*. ("[B]reach of the peace may be generally defined as such a violation of the public order as amounts to a disturbance of the public tranquility, by act or conduct either directly having this effect, or by inciting or tending to incite such a disturbance of the public tranquility.") (quoting 12 Am. Jur. 2d *Breach of Peace, etc*. § 4 (1964)). Accordingly, we find the evidence of Breanna's actions prior to the fight to be sufficient to support the family court's adjudication of delinquency. *See in re Doe*, 318 S.C. at 534, 458 S.E.2d at 561.

Furthermore, we view the family court's decision as a simple matter of weighing various witness testimony. *See in re Doe*, at 534-35, 458 S.E.2d at 561 ("It is within the exclusive province of the [family court] to determine the credibility of witnesses and the truth or falsity of the facts on which a determination depends."). We hold there is sufficient evidence to sustain the charge, and thus affirm the family court's determination. *See id*. at 534, 458 S.E.2d at 561 ("A family court's adjudication of delinquency must be affirmed unless unsupported by evidence."); *see also In re Jamal G.*, 396 S.C. 158, 163, 720 S.E.2d 62, 64 (Ct. App. 2011) ("Thus, this court is bound by the [family] court's factual findings unless they are clearly erroneous.").

For the foregoing reasons, we affirm the family court's adjudication of delinquency.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.