**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Charles Thomas Riley, Respondent.

Appellate Case No. 2016-002123

———————

Appeal From Orangeburg County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-027
Submitted November 1, 2018 – Filed January 16, 2019

———————

**AFFIRMED**

———————

Attorney General Alan Wilson, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Susannah R. Cole, all of Columbia; and Solicitor David Pascoe, of Orangeburg, all for Appellant.

C. Bradley Hutto, of Williams & Williams, of Orangeburg, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under [the Protection of Persons and Property Act (Act)]

requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) ("This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial [court's] ruling is supported by any evidence."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . ."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 (noting "a valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense[, save the duty to retreat,] in determining a defendant's entitlement to the Act's immunity."); *id.* at 375 n.4, 752 S.E.2d at 268 n.4 ("First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief." (quoting *State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984))).

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.