HILL, J.:
**328 In criminal law, the defense of accident is a recluse: it is seldom seen and often misunderstood. This appeal requires us to examine in full light the defense and the language trial courts use when explaining it to juries, focusing on when a defendant who is engaged in unlawful conduct may still be entitled to the defense. While we conclude the charge given here was sufficient, we propose a recommended charge for future cases. We also hold the trial court erred by admitting a family photograph of Jarrod Howard (Victim) in violation of Rule 403 of the South Carolina Rules of Evidence (SCRE), but find the error harmless. We therefore affirm appellant Ahshaad Mykiel Owens' convictions.
I.
Owens shot Victim while he, Victim, and Victim's best friend, Hunter Bessinger, were transacting a drug deal in the back seat of a *128 parked car near the intersection of Percy and **329 Bogard streets in Charleston. Bessinger testified Owens pulled a gun on him and Victim and shot Victim in the back when Victim tried to flee. Testifying in his own defense, Owens stated Bessinger entered the car first and sat in the middle of the back seat next to him, while Victim got in second and sat next to Bessinger. Owens explained he told Victim he wanted to purchase five Xanax pills, and Victim told him the price. According to Owens, as he reached into his book bag to retrieve his wallet, Bessinger pointed a gun in his face and demanded Owens hand him the book bag. Owens testified he knocked the gun out of Bessinger's hand and, as he wrestled the gun from Bessinger, he accidentally fired the gun, hitting Victim. Owens testified he did not bring a gun to the scene (no gun was ever found).
The trial judge instructed the jury on murder, involuntary manslaughter, self-defense, accident, and armed robbery. Regarding accident, the judge instructed:
The defendant has also raised the defense of accident. An act may be excluded on the ground of accident if it is shown that the act was unintentional, that the defendant was acting lawfully, and that reasonable care was used by the defendant in handling the weapon. The burden is on the State to prove beyond a reasonable doubt that th[e] act was not an accident ... but was caused by the negligence or carelessness on the part of the defendant in [the] handling of a dangerous instrumentality or by unlawful activity by the defendant himself.
Owens objected to the instruction, arguing the jury might interpret it to mean Owens could not claim accident because he was involved in the unlawful activity of a drug deal (although neither the State nor Owens mentioned such an interpretation in their closing arguments). Owens requested the trial judge clarify to the jury that a defendant engaged in unlawful activity is still entitled to the defense of accident unless the unlawful activity proximately caused the death. The judge declined, explaining it would be an impermissible comment on the facts and he had adequately charged the elements of the defense.
The jury convicted Owens of murder, armed robbery, and possession of a weapon during the commission of a violent **330 crime. He now appeals, contending the trial court erred in (1) refusing his request for specific language in a jury instruction on the defense of accident, and (2) admitting a photograph of Victim in violation of Rule 403, SCRE.
II.
Owens claims the trial court's accident charge did not adequately convey the scope and meaning of the term "unlawful activity" and explain its relation to the defense of accident.
We review jury instructions for abuse of discretion, meaning that to warrant reversal the instruction must have both misstated the law and prejudiced the defendant. See State v. Jenkins , 408 S.C. 560, 569, 759 S.E.2d 759, 764 (Ct. App. 2014).
The defense of accident (sometimes called misadventure) protects a defendant who, while acting lawfully and with due care, unintentionally causes harm to another. The defense has three elements: (1) the harm was unintentional, (2) the defendant was acting lawfully, and (3) due care was used in the handling of the weapon. See State v. Commander , 396 S.C. 254, 271, 721 S.E.2d 413, 422 (2011) ; see also State v. Brown , 205 S.C. 514, 521, 32 S.E.2d 825, 828 (1945) ("If it be shown that the killing was unintentional; that it was done while the perpetrator was engaged in a lawful enterprise, and was not the result of negligence, the homicide will be excused on the score of accident."). If the harm was caused by accident, the defendant is not criminally responsible because of the absence of criminal intent. It is precisely this lack of intent that separates accident from self-defense, for self-defense "admits an intentional killing, and sets up as justification a necessity to kill in order to save the accused from death or serious bodily harm, whereas a defense of homicide by accident denies that the killing was intentional." State v. McDaniel , 68 S.C. 304, 317, 47 S.E. 384, 389 (1904). The defense of accident sometimes surfaces in homicide cases, often alongside self-defense. Despite their varying levels of intent, *129 accident and self-defense are not always mutually exclusive defenses. See State v. White , 425 S.C. 304, 311, 821 S.E.2d 523, 527 (Ct. App. 2018) ; State v. Williams , 400 S.C. 308, 317, 733 S.E.2d 605, 610 (Ct. App. 2012). Of course, accident may appear in contexts far **331 removed from self-defense. Blackstone gives the example of a man lawfully working with a hatchet when the head flies off and kills a bystander. 4 W. BLACKSTONE, COMMENTARIES *182.
The confusion in explaining the defense of accident crops up when no distinction is made between a defendant who has lawfully armed himself with a weapon in self-defense and then accidentally harms the victim (e.g., he stumbles and his finger slips and pulls the trigger) and a defendant who has lawfully armed himself with a weapon in self-defense and then intentionally harms the victim. Only the defendant in the former situation is entitled to the defense of accident, and he is also entitled to have the jury charged that his conduct in arming himself in self-defense was lawful.
Layered upon this is the rule that the defense fails if the State proves beyond a reasonable doubt that the defendant's unlawful activity proximately caused the harm. State v. Goodson , 312 S.C. 278, 280 n.1, 440 S.E.2d 370, 372 n.1 (1994). The confusion deepens when the defendant's unlawful activity (e.g., pointing and presenting a firearm) is so intertwined with a lawful activity (self-defense) that the conduct may appear indivisible. Whether the shooting was caused by the lawful or the unlawful activity is an issue that would vex jurors as well as philosophers. See generally W. LAFAVE, CRIMINAL LAW , § 7.13(b) (3d ed. 2000) (discussing causation requirement of unlawful activity in context of voluntary manslaughter).
Our supreme court has stressed the need for clarity when charging accident amidst such evidence. State v. Burriss , 334 S.C. 256, 259-64, 513 S.E.2d 104, 106-09 (1999) (holding defendant was entitled to an accident instruction because evidence showed his use of a weapon could have been lawful self-defense, even though minor defendant may have possessed the weapon unlawfully and violated the law against "pointing and presenting" a firearm); State v. McCaskill , 300 S.C. 256, 258-59, 387 S.E.2d 268, 269-70 (1990) (error in failing to charge that if the defendant lawfully armed herself in self-defense because of a threat to her safety in her home created by the victim, and the gun accidentally discharged, the jury would have to find her not guilty). Burriss and McCaskill dealt with situations when a trial court should have told the jury that a defendant who lawfully arms himself in self-defense **332 is still entitled to an acquittal based on the defense of accident, even where the defendant's use or possession of the weapon would have otherwise been unlawful. As McCaskill explained in such situations, because "the defense of accident is not applicable unless the defendant was acting lawfully , it is necessary to instruct the jury as to what constitutes a lawful enterprise." McCaskill , 300 S.C. at 259, 387 S.E.2d at 270. In Burriss and McCaskill , the "lawful enterprise" was self-defense.
The situation here is different. Under Owens' version of events, he did not possess the gun until he grabbed it to arm himself in self-defense. He did not ask the court to clarify that arming himself was lawful conduct; he asked the court to specify what his unlawful conduct was and that, to preclude his accident defense, it must have caused Victim's death.
We share the trial court's concern that Owens' requested clarification may have approached a comment on the facts. See S.C. CONST ., art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."). The charge as given informed the jury that to bar the defense of accident, the State bore the burden of proving that the "act" (i.e., the shooting) was caused by the defendant's unlawful activity. Again, it appears Owens wanted the trial court to tell the jury that the fact he was involved in a drug deal does not, without more, prevent him from being found not guilty based on the defense of accident. Viewing the charge in the light most favorable to Owens, as we must, Commander , 396 S.C. at 271, 721 S.E.2d at 422, we conclude the charge as delivered permitted the jury to *130 reach such a verdict, a verdict Owens' counsel argued the facts and the law warranted.
As long as a jury charge mirrors the law, it need not mimic a party's chosen language. See Sheppard v. State , 357 S.C. 646, 665, 594 S.E.2d 462, 473 (2004) ("A jury charge is correct if it contains the correct definition of the law when read as a whole."); State v. Burkhart , 350 S.C. 252, 261, 565 S.E.2d 298, 303 (2002) ("The substance of the law must be charged to the jury, not particular verbiage."). We note too that drug dealing is an unlawful activity that can under certain circumstances preclude an accident charge altogether. See State v. Smith , 391 S.C. 408, 415, 706 S.E.2d 12, 16 (2011). In a **333 recent 3-2 decision, our supreme court held that a defendant who brought a concealed pistol to a drug deal brought on the difficulty and is therefore not entitled to a self-defense charge. State v. Williams , Op. No. 27895, 427 S.C. 246, 830 S.E.2d 904, 2019 WL 2518797 (S.C. Sup. Ct. filed June 19, 2019) (Shearouse Adv. Sh. No. 25 at 13) ("Williams' actions proximately caused the difficulty as a matter of established law because his act of taking a loaded, unlawfully-possessed pistol into an illegal drug transaction was not 'merely incidental' to the act of arming himself in self-defense" (internal citations omitted)).
Nevertheless, we recognize the challenges of explaining the defense of accident to jurors. In crafting jury instructions, as in any architecture, less is often more. But as Frank Lloyd Wright is reputed to have said, "less is more only when more is too much." It is the trial court's job to explain the general principles of law raised by the evidence to the jury; it is the lawyers' job to explain to the jury how the specific facts in evidence relate to those general principles. We recommend the following language when instructing jurors on the defense of accident:
The defendant has raised the defense of accident. Harm to another, including death, is excusable on the ground of accident if the harm was caused by the unintentional and lawful act of a defendant exercising due care. For the defense of accident to apply, you must find: (1) the act of the defendant that caused the harm was accidental and not intentional; (2) the act was lawful; and (3) the act was not careless, negligent, or reckless.
If you find the defense of accident applies, you must find the defendant not guilty. However, if the State has proven beyond a reasonable doubt that any of the three elements of the defense of accident do not apply, then the defendant is not entitled to the defense. A defendant engaged in unlawful conduct, including the unlawful possession of a weapon, is entitled to claim the defense of accident unless the State has proven beyond a reasonable doubt that the unlawful conduct was not merely incidental to but was the direct and foreseeable cause of the Victim's harm.
**334 When the evidence supports an accident charge on behalf of a defendant who has lawfully armed himself in self-defense, we suggest the following additional instruction consistent with Burriss and McCaskill :
A defendant exercising due care who accidentally harms another while acting in self-defense is acting lawfully. Therefore, a defendant can be acting lawfully, even if he is in unlawful possession of a weapon, if you find he was entitled to arm himself in self-defense and the victim was shot by accident by the unintentional discharge of the weapon.
III.
The trial court, over Owens' objection, admitted a photograph of Victim embracing his brother in a setting unrelated to the shooting. The State argues the photograph was relevant because it showed Victim's size, evidence that bore on how the crime unfolded. The State contends that, given the available space in the back seat of the car, Victim's size was relevant to the jury's fact-finding task.
What little relevance the photograph had was vastly outweighed by its danger of unfair prejudice. Rule 403, SCRE. Victim's identity was not at issue and the photograph did not depict an objective measure of his size; Victim's actual height and weight were included in the autopsy results the jury heard. All the photograph could accomplish was to counteract testimony that Victim was *131 selling Owens drugs when he was shot, and arouse sympathy for Victim. The trial court therefore exceeded its discretion in admitting it. Morin v. Innegrity, LLC , 424 S.C. 559, 576, 819 S.E.2d 131, 140 (Ct. App. 2018) ("Abuse of discretion occurs when the ruling rests on a legal error or inadequate factual support."). See State v. Hawes , 423 S.C. 118, 129, 813 S.E.2d 513, 519 (Ct. App. 2018) ("To be classified as unfairly prejudicial, photographs must have a 'tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.' " (quoting State v. Torres , 390 S.C. 618, 623, 703 S.E.2d 226, 228-29 (2010) )); see also State v. Langley , 334 S.C. 643, 515 S.E.2d 98 (1999) (holding photograph of murder victim in high school graduation regalia irrelevant to prove the defendant's guilt, victim's **335 identity was not in issue, and photo was an attempt to distance victim from drug dealing activity); State v. Livingston , 327 S.C. 17, 488 S.E.2d 313 (1997) (holding photograph of victim and husband taken before she was killed in an automobile accident irrelevant to the determination of defendant's guilt for felony DUI).
To warrant reversal, however, Owens must show the error prejudiced him, meaning the challenged evidence likely influenced the verdict. Fields v. Reg'l Med. Ctr. Orangeburg , 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005). Viewing the record as a whole, it is unlikely the emotional pull of the photograph was enough to distract a rational juror from the main issues at trial or otherwise influence the verdict.
One reason the photograph should have been excluded under Rule 403 was because it had scant relevance to the jury's task of determining the germane facts. Our conclusion that the evidence was unduly prejudicial within the context of Rule 403 does not mean the prejudice was potent enough to infect the fairness of the trial or pollute the verdict. The prejudice, like the relevance it dwarfed, had little effect when considered alongside the other evidence. Owens admitted he shot Victim, so the only issue for the jury was whether Owens was guilty of the lesser involuntary manslaughter offense or whether he was entitled to acquittal based on self-defense or the defense of accident. This issue turned on Owens' credibility and intent, a subject a family photograph of Victim could not directly impact. Any error, therefore, was harmless beyond a reasonable doubt. Hawes , 423 S.C. at 133, 813 S.E.2d at 521 ("Error is harmless when it could not reasonably have affected the result of the trial.").
Owens' convictions are
AFFIRMED.
KONDUROS and MCDONALD, JJ., concur.