**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Gary Moore, Appellant.

Appellate Case No. 2016-000779

---

Appeal From Chesterfield County
Roger E. Henderson, Circuit Court Judge
Paul M. Burch, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-234
Submitted February 1, 2019 – Filed June 26, 2019

---

**AFFIRMED**

---

Tricia A. Blanchette, of Law Office of Tricia A. Blanchette, LLC, of Leesville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in finding Moore was not entitled to immunity from prosecution under the Protection of Persons and Property Act: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [the appellate] court reviews under an abuse of discretion standard of review."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 238 (Ct. App. 2014) ("[U]nder this standard, the appellate court 'does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence'" (quoting *State v. Mitchell*, 382 S.C. 1, 4, 675 S.E.2d 435, 437 (2009))); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("Consistent with the Castle Doctrine and the text of the Act, a valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity.  This includes all elements of self-defense, save the duty to retreat."); *id.* at 372, 752 S.E.2d at 267 ("While the Act may be considered 'offensive' in the sense that the immunity operates as a bar to prosecution, such immunity is predicated on an accused demonstrating the [necessary] elements of self-defense to the satisfaction of the trial court by the preponderance of the evidence."); *id.* at 371 n.4, 752 S.E.2d at 266 n.4 (specifying the second and third elements of self-defense that must be demonstrated for immunity under the Act are as follows: "Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger.  Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief.  If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life." (quoting *State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984))); *id.* at 372, 752 S.E.2d at 267 (providing when a claim of self-defense presents a "quintessential jury question," immunity from prosecution is not warranted); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, *if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . .*" (emphasis added)).

2.      As to whether the trial court erred by failing to grant Moore a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, [the appellate court] views the evidence and all reasonable inferences in the light most favorable to the state."); *id.* at 292-

93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury."); *State v. Oates*, 421 S.C. 1, 19, 803 S.E.2d 911, 921 (Ct. App. 2017) ("[O]ur well-established directed verdict standard is not altered by a defendant's claim of self-defense."); *Curry*, 406 S.C. at 371 n.4, 752 S.E.2d at 266 n.4 (noting the second and third elements required by law to establish a case of self-defense include as follows: "Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life." (quoting *Davis*, 282 S.C. at 46, 317 S.E.2d at 453)).

3.      As to whether the trial court committed reversible error in response to a jury question: *State v. Taylor*, 356 S.C. 227, 231, 589 S.E.2d 1, 3 (2003) ("To warrant reversal, a trial judge's charge must be both erroneous and prejudicial."); *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998))); *id.* ("In making a harmless error analysis, our inquiry is not what the verdict would have been had the jury been given the correct charge, but whether the erroneous charge contributed to the verdict rendered." (quoting *Kerr*, 330 S.C. at 145, 498 S.E.2d at 218)).

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.