# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Ahshaad Mykiel Owens, Petitioner.

Appellate Case No. 2019-001601

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
R. Markley Dennis Jr., Circuit Court Judge

---

Opinion No. 28035
Heard November 17, 2020 – Filed June 16, 2021

---

## AFFIRMED

---

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Deputy Attorney
General Donald J. Zelenka, Senior Assistant Deputy
Attorney General Melody Jane Brown, and Susannah
Rawl Cole, all of Columbia; Solicitor Scarlett Anne
Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Ahshaad Owens shot and killed Jarrod Howard during a drug deal.
Owens claimed he shot Howard by accident, but the jury convicted him of murder.

Owens claims the trial court erred in charging the jury that unlawful activity on his part could foreclose his accident defense. In particular, Owens argues the trial court failed to explain to the jury that his unlawful actions (the drug deal) must have proximately caused the killing to defeat his claim of accident. The court of appeals found no error in the charge, affirmed, and provided a "recommended charge for future cases." *State v. Owens*, 427 S.C. 325, 831 S.E.2d 126 (Ct. App. 2019). We granted Owens' petition for a writ of certiorari to review the court of appeals' decision.

We agree with the court of appeals the trial court's charge adequately instructed the jury on proximate cause. *See Owens*, 427 S.C. at 328, 332, 831 S.E.2d at 127, 129. Therefore, we affirm the court of appeals.

Neither party raised the correctness of the court of appeals' recommended jury charge. *See Owens*, 427 S.C. at 333-34, 831 S.E.2d at 130. After careful study of it, we elect not to address it directly in this case. We note, however, that any plea of accident in a murder case does not change the State's burden of proof as to its case in chief. To prove murder, as we have held many times, the State must prove a voluntary and intentional act with malice. *See, e.g.*, *State v. Belcher*, 385 S.C. 597, 609 n.5, 685 S.E.2d 802, 808 n.5 (2009) ("The term malice indicates a formed purpose and design to do a wrongful act . . . ." (quoting *State v. Fennell*, 340 S.C. 266, 275 n.2, 531 S.E.2d 512, 517 n.2 (2000))); *State v. Reese*, 370 S.C. 31, 39, 633 S.E.2d 898, 902 (2006) (defining malice as "the doing of a wrongful act intentionally . . ." (citation omitted)); *State v. Judge*, 208 S.C. 497, 505, 38 S.E.2d 715, 719 (1946) (stating malice "is a performed purpose to do a wrongful act, without sufficient legal provocation" (quoting *State v. Heyward*, 197 S.C. 371, 375, 15 S.E.2d 669, 671 (1941))); 208 S.C. at 506, 38 S.E.2d at 720 (defining malice "as consisting of the intentional doing of a wrongful act toward another . . ."); *State v. Byrd*, 72 S.C. 104, 110, 51 S.E. 542, 544 (1905) ("Malice is the intentional killing of a person, knowing it to be wrong, intending to do it, knowing it to be wrong, without just legal excuse."); *see also State v. Ferguson*, 91 S.C. 235, 244, 74 S.E. 502, 505-06 (1912) ("The plea of accidental homicide, if indeed it can properly be called a plea, is certainly not an affirmative defense . . . because the state cannot ask for a conviction unless it proves that the killing was done with criminal intent." (citing *State v. McDaniel*, 68 S.C. 304, 316, 47 S.E. 384, 388 (1904))).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**