**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jason Edwin Stoots, Appellant.

Appellate Case No. 2020-000430

---

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-051
Submitted January 1, 2023 – Filed February 8, 2023

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia, for Respondent.

---

**PER CURIAM:** Jason Edwin Stoots appeals his conviction of second-degree domestic violence and sentence of three years' imprisonment, suspended to eighteen months' probation. On appeal, Stoots argues the trial court erred in

refusing to charge the jury on (1) self-defense and (2) the defense of accident. We affirm.

1. We hold the trial court did not abuse its discretion by refusing to charge the jury on self-defense. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *id.* at 479, 697 S.E.2d at 583 ("To warrant reversal, a trial [court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."). Stoots claimed the strike to the victim's (Victim) mouth was an accident; therefore, Stoots did not intentionally strike Victim in self-defense. *See State v. Owens*, 427 S.C. 325, 330, 831 S.E.2d 126, 128 (Ct. App. 2019) ("It is precisely [the] lack of intent that separates accident from self-defense . . . .") (*aff'd*, 433 S.C. 482, 860 S.E.2d 357 (2021)). Furthermore, Stoots did not satisfy all four elements of self-defense, and Stoots used excessive force towards Victim. *See State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) (stating one of the elements of self-defense is "[t]he defendant . . . actually believed he was in imminent danger of . . . sustaining serious bodily injury, or he actually was in such imminent danger"); *Golden v. State*, 1 S.C. 292, 296 (1870) (explaining that when resisting a non-lethal assault, "the degree of resistance ought to be in proportion to the nature of the injury offered").

2. We hold the trial court did not abuse its discretion by refusing to charge the jury on the defense of accident. *See Mattison*, 388 S.C. at 479, 697 S.E.2d at 584 ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *id.* at 479, 697 S.E.2d at 583 ("To warrant reversal, a trial [court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."). The jury charge the trial court gave sufficiently covered Stoots's requested jury charge. *See State v. Austin*, 299 S.C. 456, 458, 385 S.E.2d 830, 831 (1989) ("[I]f the trial [court] refuses to give a specific charge, there is no error if the charge actually given sufficiently covers the substance of the request."). Additionally, Stoots failed to act with due care toward Victim when he used excessive force in defending himself. *See Owens*, 427 S.C. at 330, 831 S.E.2d at 128 ("The defense of accident (sometimes called misadventure) protects a defendant who, while acting lawfully and with due care, unintentionally causes harm to another.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, HEWITT, and VINSON, JJ., concur.**