**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Nikeen D'Aundre Johnson, Appellant.

Appellate Case No. 2021-000674

———————————

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-376
Submitted October 1, 2023 – Filed November 22, 2023

———————————

**AFFIRMED**

———————————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————————

**PER CURIAM:** Nikeen D'Aundre Johnson appeals his convictions for attempted murder and two counts of assault and battery of a high and aggravated nature (ABHAN) and his aggregate sentence of thirty years' imprisonment. Johnson

argues the trial court abused its discretion in admitting photographs of the victims under Rule 403, SCRE.

We hold the trial court did not abuse its discretion in admitting the photographs. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009) ("The trial [court] has considerable latitude in ruling on the admissibility of evidence and [its] decision should not be disturbed absent prejudicial abuse of discretion."); Rule 403, SCRE ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, . . . or needless presentation of cumulative evidence.").[1]  Initially, Johnson failed to preserve any argument as to Exhibit 17 when he stated he had "no objection" to its admission at trial.  *See State v. Benton*, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231 (2000) (holding an issue conceded at trial is not preserved for appeal).  As to Exhibits 7, 8, and 19, we find the probative value of the photographs was minimal, insofar as Johnson did not dispute the nature of the victims' injuries or that he was the shooter.  *See State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 228 (2010) ("Photographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are irrelevant or not necessary to substantiate material facts or conditions."); *State v. Nelson*, 440 S.C. 413, 424-427, 891 S.E.2d 508, 513-515 (2023) (holding the probative value of gruesome autopsy photos of the victim was substantially outweighed by the danger of unfair prejudice when the issues of malice and how the victim was killed were not in dispute).

However, the photographs' depiction of the number and severity of the injuries at the time they were sustained arguably bore on the issue of self-defense.  *See State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984) (enumerating the elements of self-defense, including that "the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance"); *State v. Santiago*, 370 S.C. 153, 161, 634 S.E.2d 23, 28 (Ct. App. 2006) (holding the defendant was not entitled to an instruction on self-defense after considering all the evidence presented, including that defendant shot the unarmed victim four times).  And, State's Exhibit 19 had probative value as it helped the State establish the "serious bodily injury" element of ABHAN as to one of the victims.  *See* S.C. Code Ann. § 16-3-600(B)(1)(a)-(b) (2015).  That victim did not testify, but one of the paramedics described the

---

[1] We also note the circuit court properly exercised its discretion in declining to admit two of the State's proposed photographs.

condition in which he found her when he responded to the scene. This photograph corroborated his testimony by showing the location and extent of that victim's injury.

Additionally, the photographs at issue had low potential for prejudicial effect: they were taken at the hospital; they showed the wounds only; there was minimal blood present; and the wounds had been, to some extent, treated and dressed. *See also State v. Jones*, 440 S.C. 214, 262-63, 891 S.E.2d 347, 372 (2023) (finding the danger of unfair prejudice substantially outweighed the probative value when the photographs "depict the children's bodies in the advanced stages of decomposition"); *State v. Collins*, 409 S.C. 524, 536, 763 S.E.2d 22, 28 (2014) ("[T]he standard is not simply whether the evidence is prejudicial; rather, the standard under Rule 403, SCRE[,] is whether there is a danger of *unfair* prejudice that *substantially* outweighs the probative value of the evidence.").

**AFFIRMED.**[2]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.